UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 NOV -6  A 9: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| RITA PROPHITT, as Administratrix of the Estate of ARLEN PROPHITT, Deceased, ) ) ) ) | |
| PLAINTIFF, ) ) ) | CIVIL ACTION NUMBER: ALA 3:06-cv-_1003- WKW |
| v. ) ) | |
| TORIN JACKS, INC., a corporation; Fictitious Party Defendant No. 1, whether singular or plural, that certain person or persons, entity or entities, who or which was responsible for the design, manufacture, distribution or sale of the jack involved in the incident made the basis of this suit; Fictitious Party Defendant No. 2, whether singular or plural, that certain person or persons, entity or entities, who or which was responsible for the design, manufacture, distribution or sale of any component of the jack that was being used at the time of the accident made the basis of this suit; Fictitious Party Defendant No. 3, whether singular or plural, that certain person or persons, entity or entities other than those entities described above whose negligence, wantonness or other conduct contributed to cause the occurrence made the basis of this lawsuit; Fictitious Party Defendant No. 4, whether singular or plural, that person or those persons, that entity or those entities other than those entities described above which is the successor in interest of any of those entities described above; Fictitious Party Defendant No. 5, whether singular or plural, that person or those persons, that entity or those entities other than those entities described above which is the predecessor in interest of any of | DEMAND FOR JURY TRIAL |

SCANNED
BR 11/3

| | |
|---|---|
| those entities described above. Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff, their identities as proper party defendants are not known to the Plaintiff at this time, and their true names will be submitted by amendment when ascertained,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### PARTIES

1.  The Plaintiff, **RITA PROPHITT**, is over the age of nineteen years and is a resident of Tallapoosa County. **RITA PROPHITT** is the widow of the Deceased, **ARLEN PROPHITT**, and the duly appointed Administratrix of the Estate of **ARLEN PROPHITT**.

2.  The incident made the basis of this Complaint occurred in Tallapoosa County, Alabama, on or around February 7, 2005.

3.  The Defendant, **TORIN JACKS, INC.**, is a foreign corporation by virtue of its being incorporated in a state other than Alabama and also having its principal place of business in California. The Defendant, **TORIN JACKS, INC.**, was doing business by agent in Tallapoosa County, Alabama in 2004, when the Black Jack, 2 ton, 360° hydraulic service jack was purchased. Defendant, **TORIN JACKS, INC.**, is in the business of designing, manufacturing, distributing and is the entity that is responsible for selling

hydraulic jacks, including the Black Jack, 2 ton, 360° hydraulic service jack owned by the late Arlen Prophitt. Upon information and belief, Defendant, **TORIN JACKS, INC.**, designed, manufactured, distributed and/or sold the Black Jack, 2 ton, 360° hydraulic service jack which caused the incident on which this suit is based.

4. Fictitious Party Defendant No. 1, whether singular or plural, that certain person or persons, entity or entities, who or which was responsible for the design, manufacture, distribution or sale of the jack involved in the incident made the basis of this suit; Fictitious Party Defendant No. 2, whether singular or plural, that certain person or persons, entity or entities, who or which was responsible for the design, manufacture, distribution or sale of any component of the jack that was being used at the time of the accident made the basis of this suit; Fictitious Party Defendant No. 3, whether singular or plural, that certain person or persons, entity or entities other than those entities described above whose negligence, wantonness or other conduct contributed to cause the occurrence made the basis of this lawsuit; Fictitious Party Defendant No. 4, whether singular or plural, that person or those persons, that entity or those entities other that those entities described above which is the successor in interest of any of those entities described above; Fictitious Party Defendant No. 5, whether singular or plural, that person or those persons, that entity or those entities other than those entities described above which is the predecessor in interest of any of those entities described above. Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff, their identities as proper party defendants are not known to the Plaintiff at this time, and their true names will be

submitted by amendment when ascertained.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (a)(3) and 28 U.S.C. § 1391(c ).

## STATEMENT OF FACTS

6. Plaintiff reavers and realleges all of the preceding allegations in this complaint as if set out in full herein.

7. On or about February 7, 2005, **ARLEN PROPHITT** was working on a vehicle that was being held up by a Black Jack, 2 ton, 360° hydraulic service jack designed and manufactured by **TORIN JACKS, INC**. The hydraulic jack lost pressure and failed allowing the vehicle to fall. The vehicle caused crushing injuries to Arlen Prophitt including rib fractures and a lung contusion.

8. **ARLEN PROPHITT** was treated at Russell Medical Center and was released. Shortly thereafter, on or about July 13, 2006, **ARLEN PROPHITT** died suddenly as a result of the injuries he suffered on February 7, 2005, when the Black Jack, 2 ton, 360° hydraulic service jack failed and allowed his vehicle to fall on him.

## COUNT ONE: NEGLIGENCE AND/OR WANTONNESS OF TORIN JACKS, INC.

9. Plaintiff reavers and realleges all of the preceding allegations in this complaint as if set out in full herein.

10. The Defendant **TORIN JACKS, INC.**, and fictitious parties defendant No. 1,

2, 3, 4, and 5, negligently and/or wantonly designed, manufactured, sold, imported and/or distributed the hydraulic jack used in the occurrence made the basis of this suit. Defendant **TORIN JACKS, INC.**, also failed to adequately warn or instruct consumers of the hazards inherent in the hydraulic jack. Defendant **TORIN JACKS, INC.** negligence and/or wanton conduct was a proximate cause of the following injuries to **ARLEN PROPHITT**:

> He suffered serious damage to his body; he suffered a blunt trauma to his chest, including a lung contusion and acute fractures of his ribs. He subsequently died as a result of his injuries.

WHEREFORE, the Plaintiff, **RITA PROPHITT**, demands judgment against the Defendants, **TORIN JACKS, INC.**, and fictitious parties defendant nos. 1 through 5, for damages in an amount that would be mete, just and proper under the circumstances and under the damage laws of the State of Alabama.

## COUNT TWO:
## BREACH OF WARRANTY BY TORIN JACKS, INC.

11.     Plaintiffs reaver and reallege all of the preceding allegations in this complaint as if set out in full herein.

12.     The Defendant **TORIN JACKS, INC.**, and fictitious parties defendant No. 1, 2, 3, 4, and 5, as set forth in the caption of the complaint, impliedly warranted that the hydraulic jack which caused the injuries to **ARLEN PROPHITT** was reasonably fit and suitable for the purposes for which it was intended to be used. The Plaintiff avers that the Defendant breached said implied warranties in that the hydraulic jack was not fit for the ordinary and expected purposes for which such hydraulic jack are intended to be used, but

to the contrary said hydraulic jack was in a dangerously defective and unsafe condition.

The Plaintiff further avers that as a proximate result of the aforesaid breach of warranties, **ARLEN PROPHITT** suffered the following injuries:

> He suffered serious damage to his body; he suffered a blunt trauma to his chest, including a lung contusion and acute fractures of his ribs. He subsequently died as a result of his injuries.

WHEREFORE, the Plaintiff, **RITA PROPHITT**, demands judgment against the Defendants, **TORIN JACKS, INC.**, and fictitious parties defendant nos. 1 through 5, for compensatory and punitive damages in an amount that would be mete, just and proper under the circumstances and under the damage laws of the State of Alabama.

### COUNT THREE: LIABILITY UNDER THE ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE OF THE DEFENDANT, TORIN JACKS, INC.

13. Plaintiff reaver and reallege all of the preceding allegations in this complaint as if set out in full herein.

14. At the time of the accident made the basis of this suit and for a substantial period of time prior thereto, the Defendant, **TORIN JACKS, INC.**, and fictitious parties defendant No. 1, 2, 3, 4, and 5, were engaged in the business of designing, manufacturing, selling, and/or distributing hydraulic jacks such as the Black Jack, 2 ton, 360° hydraulic service jack used in the incident made the basis of this suit. These hydraulic service jacks were to be distributed throughout the United States, including the State of Alabama for use by certain members of the general public. Said defendants for valuable consideration designed, manufactured, sold and/or distributed the hydraulic service jack which caused the injuries to **ARLEN PROPHITT,** deceased.

15. At the time of the incident made the basis of this suit, the hydraulic service jack designed, manufactured, distributed and/or sold by the Defendant **TORIN JACKS, INC.**, and fictitious parties defendant No. 1, 2, 3, 4, and 5, which was substantially in the same condition as when manufactured, sold, and/or distributed, was being used in an intended and foreseeable manner. The hydraulic service jack was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective, unreasonably dangerous and did not meet the reasonable expectations of an ordinary consumer as to its safety in its faulty manufacture and/or design in order to prevent personal injury or death to a person using the hydraulic service jack for its intended purpose and a safer, practical, alternative design was available to the Defendants at the time the hydraulic service jack was made, designed, manufactured, and sold. Said Defendants knew or should have known that said hydraulic service jack was unreasonably dangerous when being used in a foreseeable manner.

16. The foregoing wrongful conduct of Defendant **TORIN JACKS, INC.**, and fictitious parties defendant 1, 2, 3, 4, and 5, was a proximate cause of the fatal injuries to **ARLEN PROPHITT,** deceased, and renders said Defendants liable to Plaintiff **RITA PROPHITT** pursuant to the Alabama Extended Manufacturers Liability Doctrine. As a proximate result of the aforesaid wrongful conduct, **ARLEN PROPHITT,** suffered the following injuries:

> He suffered serious damage to his body; he suffered a blunt trauma to his chest, including a lung contusion and acute fractures of his ribs. He subsequently died as a result of his injuries.

WHEREFORE, the Plaintiff, **RITA PROPHITT**, demands judgment against the

Defendants, **TORIN JACKS, INC.**, and fictitious parties defendant nos. 1 through 5, for damages in an amount that would be mete, just and proper under the circumstances and under the damage laws of the State of Alabama.

## AD DAMNUM CLAUSE

17. The Plaintiff realleges and adopts the preceding paragraphs of this Complaint as if set out in full herein.

18. The Plaintiff, **RITA PROPHITT**, alleges that the conduct of the defendants **TORIN JACKS, INC.**, and of the fictitious party defendants as set forth in the caption of this complaint, combined and concurred to cause the death of **ARLEN PROPHITT**. As a proximate consequence of the negligence and other wrongful conduct of the defendants, **TORIN JACKS, INC.**, and of the fictitious party defendants as set forth in the caption of this complaint, **ARLEN PROPHITT** was killed.

WHEREFORE, the Plaintiff, **RITA PROPHITT**, demands judgment for damages against each of the named and fictitious defendants separately and severally in an amount to be determined by the jury that is mete and proper.

DONE this the 2nd day of November, 2006.

**MORRIS, HAYNES & HORNSBY**

_____
LARRY W. MORRIS, MOR007
Attorney for Plaintiff

_____
JEREMY KNOWLES, KNO016
Attorney for Plaintiff

8

**OF COUNSEL:**

MORRIS, HAYNES & HORNSBY
POST OFFICE BOX 1660
ALEXANDER CITY, AL 35011-1660
Telephone: (256) 329-2000
Facsimile: (256) 329-2015
jknowles@morrishaynesandhornsby.com

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

**TORIN JACKS, INC.**
Agent for Service of Process: JUN JI
4355 E. Brickell Street
Ontario, California 91761