UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RITA PROPHITT, as Administratrix of the Estate of ARLEN PROPHITT, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CIVIL ACTION NO.: 3:06-cv-1003-WKW ) |
| TORIN JACKS, INC., et al., | ) ) |
| Defendants. | ) |

**ANSWER**

COMES NOW the Defendant, Torin Jacks, Inc., and for answer to the Complaint heretofore filed, says as follows:

1. This Defendant is without sufficient information or belief to admit or deny the allegation of this paragraph, and strict proof is demanded thereof.

2. This Defendant is without sufficient information or belief to admit or deny the allegation of this paragraph, and strict proof is demanded thereof.

3. This Defendant admits that it is a foreign corporation having it principal place of business in California. This Defendant is without sufficient information or belief to admit or deny the allegations of the remainder of this paragraph, and strict proof is demanded thereof.

4. No response required by this Defendant. To the extent that allegations are made against this Defendant, they are denied.

5. Admitted, except this Defendant denies that it is liable for any damages.

6. Each response previously made is adopted as the response to this paragraph.

7. This Defendant is without sufficient information or belief to admit or deny the allegation of this paragraph, and strict proof is demanded thereof.

8. Denied.

### Count One

9. Each response previously made is adopted as the response to this paragraph.

10. Denied.

### Count Two

11. Each response previously made is adopted as the response to this paragraph.

12. Denied.

### Count Three

13. Each response previously made is adopted as the response to this paragraph.

14. Denied.

15. Denied.

16. Denied.

17. Each response previously made is adopted as the response to this paragraph.

18. Denied.

### Defenses

1. The Complaint filed against this Defendant fails to state a cause of action from which relief can be granted.

2. This Defendant pleads the general issue.

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**

2

3. Plaintiff should not recover of this Defendant, for that on the occasion complained of, Arlen Prophitt was himself guilty of negligence which proximately contributed to cause his own injuries and damages.

4. Plaintiff should not recover of this Defendant, for that on the occasion complained of, Arlen Prophitt assumed the risk of his own injuries and damages.

5. This Defendant avers that the Plaintiff lacks capacity to bring this lawsuit.

6. This Defendant avers that proper notice as required by Alabama statute was not given for any claims based on breaches of warranty.

7. To the extent that compensatory damages are pled, this Defendant avers that the Plaintiff's expenses were paid by a collateral source, and this Defendant pleads the defense of payment by a collateral source.

8. This Defendant pleads the defense of superseding cause.

9. This Defendant pleads the defense of intervening cause.

10. This Defendant pleads the defense of lack of causal relation.

11. This Defendant avers that the product claimed to have been manufactured by it was misused, and the defense of misuse is pled.

12. This Defendant avers that the product claimed to have been manufactured by it had been substantially changed from its condition at the time of manufacture and distribution, and the defense of substantial change is pled.

13. The Plaintiff should not recover punitive damages of this Defendant for that punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**

3

14. The Plaintiff should not recover punitive damages of this Defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

15. The Plaintiff should not recover punitive damages of this Defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

16. The Plaintiff should not recover punitive damages of this Defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the *Alabama Criminal Code* violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

17. The Plaintiff should not recover punitive damages of this Defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

18. The Plaintiff should not recover of this Defendant for punitive damages, since the Complaint alleges intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendant.

19. A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**

4

20.     A lack of sufficient standards governing punitive damages awards in Alabama violate the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

21.     Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**                           5

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

22. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**                    6

      (e)    The award of punitive damages in this case constituted a deprivation of property without due process of law.

23.    Plaintiff's attempt to impose punitive damages or extra-contractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

24.    The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

25.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

26.    This Defendant specially pleads the limitations set forth in Section 6-11-21 of the *Alabama Code*.

27.    This Defendant pleads the $250,000 cap and avers that the abolition of the cap by the Alabama Supreme Court was unconstitutional and without effect.

28.    This Defendant avers that the Alabama Supreme Court cannot abolish the $250,000 cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

29.    The Defendant reserves the right to plead any other defense which discovery dictates is applicable.

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**    7

30.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant.

31.     The Defendant pleads the cap as established by the Alabama Legislature with regard to punitive damages.

32.     This Defendant avers all the defenses set out by the United States Supreme Court in *BMW of North American v. Gore*, 517 U.S. 559 (1996).

33.     The Defendant asserts that the Plaintiff does not have a right to a jury trial with respect to punitive damages.

          s/Larry W. Harper
          Larry W. Harper
          Attorney for Defendant,
            Torin Jacks, Inc.
          Porterfield, Harper, Mills & Motlow, P.A.
          22 Inverness Center Parkway, Suite 600
          P.O. Box 530790
          Birmingham, Alabama 35253-0790
          Telephone:  205-980-5000
          Facsimile:  205-980-5001
          ASB-3074-R76L; HAR093
          E-mail:  lwh@phm-law.com

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**                                                8

## CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the above and foregoing has been served upon the following by e-file notice and/or facsimile and/or placing a copy of same in the United States mail, first class postage prepaid and properly addressed on this the 29th day of November, 2006.

**Counsel for Plaintiff:**
Larry Wade Morris, Esq.
Jeremy L. Knowles, Esq.
Morris, Haynes & Hornsby
131 Main Street
P.O. Box 1660
Alexander City, AL  35010


                                        s/Larry W. Harper
                                        OF COUNSEL

*Rita Prophitt, as Administratrix of the Estate of Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**

9