# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| RITA PROPHITT, as Administratrix | ) | |
| of the Estate of ARLEN PROPHITT, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  3:06-cv-1003-WKW |
| | ) | |
| TORIN JACKS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR A HIPAA QUALIFIED PROTECTIVE ORDER BY DEFENDANT

COMES NOW the Defendant, Torin Jacks, Inc., moves this Honorable Court to enter a Qualified Protective Order (HIPAA Order) a copy of which is attached.  The requested Order will enable counsel to receive medical records on the plaintiff in order to obtain the plaintiff's complete medical history and records in compliance with the Health Insurance Portability and Accountability Act (HIPAA) and the regulations implementing HIPAA's privacy provisions.  As grounds for this motion, this defendant asserts as follows:

1.  To date, the defendant is unable to obtain complete and accurate copies of the plaintiff's complete medical history.

2.  Under *Exparte Dorsey Trailers, Inc.,* this defendant is entitled to receive a complete medical history on the plaintiff, this to include a complete copy of the plaintiff's physical and medical background.

3.  As such, based upon this case law and a broad scope of discovery, this defendant is entitled to receive a complete medical history on the plaintiff.

4.    Therefore, this defendant requests this Honorable Court to enter the attached HIPAA

Order so that the defendant may obtain these records

WHEREFORE, PREMISES CONSIDERED, this defendant respectfully request this

Honorable Court to enter a HIPAA Order in the above-referenced matter.


Respectively submitted,

s/Larry W. Harper
Larry W. Harper
Edward W. Payne
Attorneys for Defendant,
Torin Jacks, Inc.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, Alabama 35253-0790
Telephone:  205-980-5000
Facsimile:  205-980-5001
ASB-3074-R76L; HAR093
ASB-9722-A44E
E-mail:  lwh@phm-law.com


*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**          2

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon the following by e-file notice and/or facsimile and/or placing a copy of same in the United States mail, first class postage prepaid and properly addressed on this the ___ day of December, 2006.

**<u>Counsel for Plaintiff:</u>**
Larry Wade Morris, Esq.
Jeremy L. Knowles, Esq.
Morris, Haynes & Hornsby
131 Main Street
P.O. Box 1660
Alexander City, AL  35010

s/Larry W. Harper_____
OF COUNSEL

*Rita Prophitt, as Administratrix of the Estate of*
*Arlen Prophitt, Deceased, v. Torin Jacks, Inc., et al.*
**United States District Court of the Middle District of Alabama**
**Eastern Division**
**Civil Action No.: 3:06-cv-1003-WKW**                    3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RITA PROPHITT, as Administratrix of the Estate of ARLEN PROPHITT, Deceased, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:06-cv-1003-WKW |
| | ) | |
| TORIN JACKS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**HIPAA ORDER IN CIVIL ACTION**

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and to this lawsuit are permitted to inspect and copy all health information relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such Individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other Individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other Individual may grant or deny a request for an interview.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents containing Protected Health Information received by them pursuant to this Order.

DONE and ORDERED this _____ day of _____, 2006.

_____
Magistrate