UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RITA PROPHITT, as Administratrix | ) | |
| of the Estate of ARLEN PROPHITT, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 3:06-cv-1003-WKW |
| | ) | |
| TORIN JACKS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION
## AND
## PROTECTIVE ORDER

Upon review of the unopposed *Motion for a HIPAA Qualified Protective Order by Defendant* (Doc. 8, December 7, 2006), filed by Defendant Torin Jacks, Inc., it is

**ORDERED** that the motion is **GRANTED**. Accordingly, the parties are governed by the following Protective Order:

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and to this lawsuit are permitted to inspect and copy all health information relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such Individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other Individuals in connection with the aforementioned

health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information").  Such health care provider, health plan administrator, or other Individual may grant or deny a request for an interview.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents containing Protected Health Information received by them pursuant to this Order.

Done this 8th day of December, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE